IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH F. JAWOREK,

    Plaintiff,

ALEX AZAR, U.S. Secretary of the Department of
Health and Human Services, and
DEAN HEALTH PLAN, INC.,

    Involuntary Plaintiffs,

v.

MOHAVE TRANSPORTATION INSURANCE CO.,
SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC,
ABC INSURANCE CO. and JOHN F. DEGUIDE,

    Defendants.

ORDER

19-cv-820-slc

---

    Defendants have filed a notice of removal in this civil action involving a motor vehicle accident and allege diversity jurisdiction under 28 U.S.C. § 1332. A review of the complaint filed in the Circuit Court for Dane County and attached to the notice of removal, dkt. 1-1, reveals that the allegations regarding citizenship for the parties are inadequate because the complaint only identifies the residences of plaintiff Kenneth Jaworek and defendant John DeGuide and the principal place of business for defendant Swift Transportation Company of Arizona, LLC.

    The first question in any lawsuit is whether the court has subject matter jurisdiction, and the court has an independent obligation to ensure that it exists. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 501 (2006); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010). Section 1332 requires complete diversity of citizenship, meaning that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *McCready v. EBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). As the parties seeking removal, defendants bear the burden of establishing federal jurisdiction. *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013).

    The citizenship and not the residency of an individual is what matters for diversity jurisdiction purposes. *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008); *Meyerson v. Harrah's*

*East Chicago Casino*, 299 F .3d 616, 617 (7th Cir. 2002). An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which [he] has the intention of returning whenever he is absent therefrom." Charles Alan Wright, *Law of Federal Courts* 161 (5th ed. 1994); *see also Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). The citizenship of a limited liability company such as Swift Transportation is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"). Corporations are citizens of the states in which they are incorporated and have their principal place of business. 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F. 2d 1220, 1223 (7th Cir. 1991)).

Because neither the complaint nor the notice of removal identifies or alleges the citizenship of Jaworek, DeGuide, and each of the members of Swift Transportation, the court cannot determine whether plaintiff is diverse with respect to all of the defendants.

Therefore, IT IS ORDERED that defendants have until October 23, 2019 to submit verification of the citizenship of Jaworek, DeGuide, and each of the members of Swift Transportation (an affidavit would do).

Entered this 8th day of October, 2019.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge