IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KENNETH F. JAWOREK,

           Plaintiff,

v.

MOHAVE TRANSPORTATION
INSURANCE COMPANY, SWIFT
TRANSPORTATION COMPANY OF
ARIZONA, LLC, ABC INSURANCE
COMPANY (An Unknown Insurance
Company), and JOHN F. DEGUIDE,

           Defendants.

OPINION AND ORDER

19-cv-820-wmc

Before the court is defendants' motion to strike plaintiff's disclosures of expert witnesses on the basis that they failed to meet the requirements established by Federal Rule of Civil Procedure 26(a)(2)(C). (Dkt. #18.) In the alternative, defendants request an amended scheduling order. In response, plaintiff argues that his expert witness disclosures complied with Rule 26(a)(2)(C). (Pl.'s Opp'n (dkt. #21).) Even if the disclosure were inadequate, plaintiff further contends that any failure is both harmless and justified. For the reasons that follow, the court will deny defendants' motion to strike but will amend the scheduling order in order to ameliorate any prejudice due to plaintiff's delay in complying with the disclosure requirements.

BACKGROUND

This personal injury-automobile accident case is properly before this court on diversity grounds. (*See* Jurisdiction Order (dkt. #6); Rowell Aff. (dkt. #10).) The preliminary pretrial conference order set a deadline of February 28, 2020, for plaintiff to

disclose his expert witnesses, affirming the dates proposed by the parties in their joint Rule 26(f) report. (PPTC Order (dkt. #12) ¶ 2; Rule 26(f) Rept. (dkt. #11).)[1]

On the February 28 deadline, plaintiff submitted his Rule 26(a)(2) witness list, which included the name, title, and address for *twenty* expert witnesses, each of whom was purportedly a treating physician. Along with each expert witness, the following summary was copied nearly word-for-word, with differences only found in the pronoun of the witness or in the subtraction of categories listed in the second sentence: "Will testify regarding Kenneth F. Jaworek's medical history, his injuries, and the care, costs, and treatment provided. He will also opine as to causation, permanency, future treatment, and reasonableness of medical treatment." (Pl.'s Witness List (dkt. #16).)

Defendants' counsel contacted plaintiff's counsel by phone on March 11, 2020, to request that the disclosure be modified to reflect only the expert witnesses on whom plaintiff intended to rely, as well as to request that plaintiff supplement the testimonial summary for each expert witness. An email memorialized the agreement on the call earlier that day for plaintiff's counsel to provide this supplemented information "in the next week or so." (Roberts Aff. (dkt. #20) ¶¶ 2-3; *id.*, Ex. A (dkt. #20-1).) Defendants' counsel followed up on this agreement in emails dated March 20, March 31, April 7, and April 10, 2020. (Roberts Aff. (dkt. #20) ¶¶ 4-9; *id.*, Exs. B, C, E, G (dkt. ##20-2, 20-4, 20-5, 20-

---

[1] In his opposition brief, plaintiff states that the court's preliminary pretrial conference order "did not require [him] to submit expert reports." (Pl.'s Opp'n (dkt. #21) 2.) This is not accurate. In setting a date for disclosure of experts, the order explained that "[a]ll experts mandated by this paragraph must comply with the requirements of Rule 26(a)(2)." Regardless of plaintiff's counsel's representation that this is his first time appearing in federal court, nothing prevented his asking the clerk's office for clarification. To be clear, for all retained experts falling under Rule 26(a)(2)(B), the report is due *at the time* of disclosure.

7.) Plaintiff's counsel responded intermittently, explaining that delays were due to a combination of staffing and expert witness communication issues related to the COVID-19 crisis. (Roberts Aff., Ex. F (dkt. #20-6).) In the final email on April 10, defendants' counsel notified plaintiff's counsel that he would file a motion to strike expert witnesses if they did not receive the supplemental disclosure by April 15, 2020. (Roberts Aff., Ex. G (dkt. #20-7).)

On April 13, 2020, plaintiff submitted amended expert witness disclosures containing seven names (shortened from the list of twenty originally provided). (Pl.'s Am. Expert Witness Disclosures (dkt. #17).) This amended list also supplemented the testimonial summaries, providing a more thorough description of the facts and details to which each would testify. (*Id*.) For example, plaintiff elaborates in his amended disclosure that Dr. James Bell will testify that Jaworek sustained retinal breaks in the collision, necessitating retinal detachment surgery. (*Id*. at 3.) Similarly, plaintiff augmented his audiologist's disclosure, noting that she will testify that the collision caused "permanent bilateral sensorineural hearing loss and tinnitus." (*Id*.) On April 21, 2020, defendants filed the motion to strike plaintiff's expert disclosures as still failing to comply with the requirements of Rule 26 (a)(2)(C).

OPINION

I.  Defendants' Motion to Strike

Rule 26 is designed to prevent prejudicial surprise and grant opposing parties an opportunity to assess expert witnesses' methodology and opinions through timely written

disclosures. *Gicla v. United States*, 572 F.3d 407, 411 (7th Cir. 2009). While the disclosure of retained expert witnesses must be accompanied by thorough and detailed information compliant with Rule 26(a)(2)(B), non-retained experts -- typically including treating physicians -- need only meet a comparatively lower threshold as defined in Rule 26(a)(2)(C). *See, e.g.*, *EEOC v. Meffert Oil Co., Inc.*, No. 11-CV-360-WMC, 2012 WL 13042519, at *2 (W.D. Wis. June 27, 2012) (explaining that "physicians who testify about observations made during the ordinary course of treatment" need only comply with the requirements of 26(a)(2)(C)).

    Specifically, the disclosure for a retained expert witness "must contain":

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

    In contrast, when "the witness is not required to provide a written report," the disclosure is only required to state:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

4

>   (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C).

As is obvious by comparison, the requirements for disclosure of non-retained witnesses are "considerably less extensive," intentionally so, in the hope that courts will not require "undue detail." Fed. R. Civ. P. 26, advisory committee's note to 2010 amendment. However, failure to adhere to the basic requirements of Rule 26(a)(2)(C) exposes a party to the same potential penalties as would failing to comply with the heightened requirements of Rule 26(a)(2)(B), up to and including exclusion of the witness's testimony at trial under Federal Rule of Civil Procedure 37. *See Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 741 (7th Cir. 1998).

While there is little case law on what constitutes a sufficient Rule 26(a)(2)(C) disclosure, there are a few cases from this court that provide guidance, as, of course, does a commonsense application of the words of the rule itself. A non-retained expert witness disclosure is inadequate if it merely repeats the exact same set of boilerplate language for a number of experts without giving nuance to the specificities on which each will opine. *See Dilley v. Holiday Acres Props., Inc.*, No. 16-CV-91-JDP, 2017 WL 2371295, at *3 (W.D. Wis. May 31, 2017) (holding that the use of an identical and expansive set of subjects for ten separate non-retained experts satisfied the subject matter prong but not the facts and opinions prong required for disclosure). Conversely, pointing to a large trove of facts and data with no list of subjects or summary in lieu of an official Rule 26(a)(2)(C) disclosure is also insufficient. *See Meffert Oil Co., Inc.*, 2012 WL 13042519, at *3 (finding that a plaintiff could not simply point to the production of a full medical file as a substitute for a

5

non-retained expert witness disclosure). Within those broad parameters, a specific witness disclosure containing a brief description of both the subject matter and a summary of the facts/opinions will satisfy Rule 26(a)(2)(C). *See Westmore v. Hyde,* No. 14-CV-861-WMC, 2016 WL 2642254, at *1-3 (W.D. Wis. May 6, 2016), *aff'd*, 732 F. App'x 477 (7th Cir. 2018), and *aff'd*, 732 F. App'x 477 (7th Cir. 2018) (noting that non-retained expert disclosures from treating veterinarians were sufficient when they connected the general testimony topics to some facts and professional opinions they deduced through their treatment); *see also* Defs.' Expert Witness Disclosures, *Westmore v. Hyde*, No. 14-cv-861 (W.D. Wis. Oct. 30, 2015) (dkt. #15). In short, consistent with the general intent of Rule 26, a 26(a)(2)(C) disclosure is adequate so long as the disclosure contains the subject matter and a summary of the facts and opinions sufficient to give the opposing party general notice as to the expert witness's testimony and to determine whether further discovery will be necessary and cost-effective.

In this case, the parties agree that plaintiff's expert witnesses *are* his treating physicians and, therefore, fall under the disclosure requirements of non-retained expert witnesses under Rule 26(a)(2)(C). As reflected in the record described above, plaintiff's original expert witness disclosures, submitted on February 28, 2020, fell short of the notice requirements under Rule 26, even under the more lenient Rule 26(a)(2)(C) standards, although much of their testimony would likely be admissible as fact witnesses with respect to plaintiff's presented injuries, treatment and prognosis, at least at the time of actual treatment. *See* Fed. R. Civ. P. 26, advisory committee's note to 2010 amendment ("A witness who is no required to provide a report under Rule 26(a)(2)(B) may both testify as

a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705"). Regardless, defendant's motion to strike concerns the *amended* disclosures given on April 13, 2020. Those disclosures, which were provided on the parties' mutually agreed deadline of April 15, satisfies the requirements of Rule 26(a)(2)(C), albeit just barely.

The amended disclosures provide both a summary of the facts and opinions, especially when considered in conjunction with production of medical records. Defendants' argument that the disclosures must also contain information regarding medical costs, contemplated treatment alternatives, etc., goes beyond the scope of Rule 26(a)(2)(C). Such details are more appropriate topics for written discovery or deposition (probably of plaintiff or a corporate health representative, rather than the treating doctor). Moreover, there is little to the defendants' intimation that Jaworek's amended disclosure was so lacking that it would lead to "trial by ambush," especially given that several months still remain before the scheduled January 2021 trial discovery still awaits as set forth above. (Defs.' Br. (dkt. #19) 6.) Accordingly, defendants' motion to strike plaintiff's expert witnesses is denied.

## II. Request to Amend Schedule

In the alternative, defendants seek to amend the schedule, including the dispositive motion deadline and trial date. While plaintiff is amenable to extending defendants' expert witness disclosure deadline, plaintiff contends that the trial date need not be moved. The court agrees. Accordingly, the court will adopt the parties' proposal to extend defendants' expert disclosure date 90 days until August 27, 2020, and, in turn will provide a modest extension of the dispositive motion deadline to September 21, 2020, and discovery

deadline, to October 31, 2020; the other deadlines, and the trial date remain the same.

## ORDER

IT IS ORDERED that:

1) Defendants' motion to strike (dkt. #18) is DENIED.

2) The pretrial schedule is amended as follows:

    a) Defendants' expert disclosure deadline: August 27, 2020.

    b) Dispositive motion deadline: September 21, 2020.

    c) Discovery deadline: September 31, 2020.

Entered this 23rd day of June, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge